**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Anthony Castro, | No. CV-23-01865-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Adrian Fontes, et al., | |
| Defendants. | |

Plaintiff John Anthony Castro alleges he is a candidate for the Republican Party's nomination for President of the United States in 2024. (Doc. 1 ¶ 2.) Mr. Castro brings this action against Defendants Arizona Secretary of State Adrian Fontes and Donald J. Trump, seeking an order enjoining Secretary Fontes "from accepting and/or processing [Mr. Trump's] ballot access documentation, including, but not limited to, nominating papers and nominating petitions," on the theory that Section 3 of the Fourteenth Amendment renders Mr. Trump ineligible to hold federal office because he "provided aid and comfort to an insurrection" on January 6, 2021. (*Id.* ¶¶ 12, 14.) Mr. Castro has filed a motion seeking entry of a temporary restraining order ("TRO"), followed by an expedited preliminary injunction hearing on or before September 29, 2023. (Doc. 11.) Mr. Castro's motion for a TRO is denied.

The standards for issuing a TRO are identical to those for issuing a preliminary injunction. *Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension*

*Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). A plaintiff seeking a TRO must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of immediate relief, that the balance of equities tips in his favor, and that a TRO is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). These elements are balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011). The sliding-scale approach, however, does not relieve the movant of the burden to satisfy all four prongs for the issuance of a TRO. *Id.* at 1135. Instead, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a [TRO], so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the [TRO] is in the public interest." *Id.* at 1135. Like a preliminary injunction, a TRO is "an extraordinary remedy" never awarded as of right, but "only upon a clear showing that the [movant] is entitled to such relief." *Winter*, 555 U.S. at 22. The movant bears the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Though they share a governing standard, TROs and preliminary injunctions differ in their purposes. A preliminary injunction preserves the status quo to avoid harm during litigation. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, to obtain a preliminary injunction, the movant must show that, absent preliminary relief, he will suffer irreparable harm before *the case* can be decided on its merits. In contrast, the purpose of a TRO is to preserve the status quo pending a hearing on a preliminary injunction motion if irreparable harm will occur in the interim. *See Ariz. Recovery Housing Ass'n v. Ariz. Dep't of Health Servs.*, No. CV-20-00893-PHX-JAT, 2020 WL 8996590, at *1 (D. Ariz. May 14, 2020). To obtain a TRO, the movant therefore must show that he will suffer irreparable harm in the relatively brief amount of time it ordinarily would take the Court to resolve a preliminary injunction motion.

1          The Court denies Mr. Castro's TRO motion because he has not made this more

2    demanding showing of irreparable harm. Mr. Castro argues that he "is already suffering

3    irreparable competitive injuries because [Mr. Trump] . . . is siphoning off votes and

4    contributions." (Doc. 11 at 6.) But no presidential primaries or caucuses have yet been

5    held. None are scheduled before September 29, or even for this calendar year. Likewise,

6    Mr. Castro has not alleged or proffered evidence that Mr. Trump intends to file

7    nomination paperwork with Secretary Fontes on or before September 29, or that

8    Secretary Fontes would process such paperwork before that date. According to the 2023-

9    2024 Election Calendar published on Secretary Fontes' website, Arizona's presidential

10   preference election is scheduled for March 19, 2024, and his office will begin accepting

11   candidate nomination papers for that election on November 10, 2023.[1] And as for

12   contributions, Mr. Castro has proffered no evidence that, were the Court to issue a TRO

13   now, Mr. Trump would not receive contributions or support at current levels, or that Mr.

14   Castro would receive more contributions or support than he is receiving now. The upshot

15   is that Mr. Castro has not carried his heavy burden of showing that the Court must take

16   immediate action—without hearing from the adverse parties—in order to avoid

17   irreparable injury before the Court can resolve his preliminary injunction motion. Instead,

18   the Court will resolve Mr. Castro's preliminary injunction motion in the ordinary course

19   after hearing from the adverse parties.

20         **IT IS ORDERED** as follows:

21       1.  Mr. Castro's motion for a TRO (Doc. 11) is **DENIED**. The motion (Doc. 11) is

22           converted to a preliminary injunction motion.

23       2.  Mr. Castro shall serve Secretary Fontes and Mr. Trump with a copy of his

24           preliminary injunction motion (Doc. 11) and this order by no later than

25           **September 22, 2023**, and file proof thereof with the Court.

26       3.  Secretary Fontes and Mr. Trump shall respond to the preliminary injunction

27           motion by no later than **October 6, 2023**.

28

[1]https://azsos.gov/sites/default/files/2024_Election_Calendar_FINAL_Rev20230913a.pdf

4. Mr. Castro shall file his reply brief by no later than **October 13, 2023**.

5. A preliminary injunction hearing is set for **9:00 AM on October 23, 2023,** before Judge Douglas L. Rayes in Courtroom 606, 401 W. Washington Street, Phoenix, Arizona, 85003.

6. By no later than **October 16, 2023**, the parties shall jointly notify the Court in writing whether (1) live evidence will be presented at the hearing or whether the hearing will consist of oral argument on the paper record and (2) whether they agree to consolidate the preliminary injunction hearing with the final trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2).

Dated this 18th day of September, 2023.

Douglas L. Rayes
United States District Judge