IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff and Third-Party Defendant,<br><br>v.<br><br>SECRETARY OF STATE, ADRIAN FONTES<br>1700 W Washington Street, Floor 7, Phoenix, AZ  85007<br><br>DONALD J. TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | Case No. 2:23-cv-01865 |

**MOTION FOR RECONSIDERATION OF BOTH DENIAL OF MOTION FOR LEAVE TO AMEND AS WELL AS ORDER GRANTING DISMISSAL**

The Court's Order relied entirely on two cases: *Clapper v. Amnesty International*[1] from the U.S. Supreme Court and *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest* from the 9th Circuit for the unprecedented and novel legal theory that an individual who becomes a ballot-placed candidate and competes against another person on principle in order to challenge that person's constitutional eligibility engages in improper manufacturing of standing that should be disregarded by the federal judiciary.[2]

---

[1] *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013).
[2] Based upon this logic, a civil rights activist in the 1950s would not have had standing for choosing to voluntarily sit in a "whites only" restaurant since he knew he would be injured as a result. He entered the restaurant not to eat, but to be forcibly removed and charged with criminal trespass in order to manufacture standing. This the logic the Court's Order relies upon.

1

As Plaintiff will delineate herein, neither *Clapper* nor *La Asociacion* support the Court's unprecedented and novel legal theory to ignore Plaintiff's clearly established injury, obvious traceability, and unquestionable redressability.

### THE 9TH CIRCUIT *LA ASOCIACION* CASE

The 9th Circuit's decision in *La Asociacion* explained that an "organization suing on its own behalf can establish an injury when it suffered both a diversion of its resources and a frustration of its mission. It cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all. It must instead show that it would have suffered some other injury if it had not diverted resources to counteracting the problem."

The 9th Circuit's decision in *La Asociacion* was correct. First, to establish associational standing, an organization needed to show either diversion of resources or frustration of its mission. The organization could not show any frustration to its mission, so it cited the litigation costs to prove diversion of resources. The 9th Circuit explained that the resources being diverted cannot simply be the litigation costs to pursue a claim that did not affect the organization. In other words, the 9th Circuit held that the source of an organization's injury cannot be the cost of accessing the court to argue it has an injury since that would be akin to the logical fallacy of circle reasoning (*i.e.*, "I have an injury because it cost me money to tell the court I have an injury.").

This Court attempts to analogize the *La Asociacion* to this case solely for the proposition that Plaintiff, an individual (not an organization), is manufacturing standing with campaign expenses. In effect, the Court is ruling that a candidate "must show that [he] would have suffered some other injury" other than voluntarily incurred campaign expenses. This analogy is illogical.

2

First, the Court improperly attempts to analogize a specialized analysis for associational standing with regular individual standing.  Second, the Court improperly attempts to analogize litigation costs with campaign expenses.  Third, the Court improperly attempts to expand on the 9th Circuit's use of the term "manufacture" to deny standing to anyone the Court deems not to be "genuine."  These three attempts stretch the logic of the *La Asociacion* decision far beyond the limits of logic.

### THE SUPREME COURT'S *CLAPPER* CASE

In *Clapper v. Amnesty International*, an organization determined that the language of the Foreign Intelligence Surveillance Act would permit the government to surveil communications with non-U.S. persons and, on that basis, sued the government to seek a determination that the provision was unconstitutional.[3]  In support of their injury argument to establish standing, the organization cited increased technology costs "to protect the confidentiality of their international communications; in their view, the costs they have incurred constitute present injury that is fairly traceable to" the challenged law.  In other words, the organization had a fear that the government could possibly interpret a law to surveil their communications, so they incurred added technology costs to secure their communications, and that was the injury they were claiming to justify Article III standing.

The U.S. Supreme Court held "that respondents lack Article III standing because they cannot demonstrate that the future injury they purportedly fear is certainly impending and because they cannot manufacture standing by incurring costs in anticipation of non-imminent harm."[4]  In other words, *Clapper v. Amnesty International* was about the realistic likelihood of a future harm.

---

[3] 568 U.S. 398 (2013).
[4] 568 U.S. 398, 422 (2013).

The Court attempts to analogize the *Clapper v. Amnesty International* to this case by again exploiting the use of the term "manufacture" to support its unprecedented and novel theory that Plaintiff is not a "genuine" competitor. Once again, the Court gets lost in the analysis of whether a person is a competitor instead of focusing on whether there would be a diminution of votes, which is the source of the injury. Of course, the Court must divert attention away from that analysis because basic logic and mathematics dictates there would be a diminution of votes.

<u>THE TRIFLE IS THE INJURY AND THE PRINCIPLE SUPPLIES THE MOTIVATION</u>

The Court's Order is fundamentally flawed and improperly relies on a thinly veiled exploitation of the term "manufacture" taken well out of context in order to justify the unprecedented and novel theory that the Court can determine who is and is not a "genuine" candidate.

As Plaintiff explained in his proposed amended complaint, the initial motivation for pursuing the Republican Nomination for the Presidency of the United States was the principle that no person who engaged in, provided aid to, or provided comfort to an insurrection should serve as Commander-in-Chief of the United States Armed Forces. That motivating principle led Plaintiff on this journey, and Plaintiff is now doing his best, entirely on his own, to seriously pursue the Presidency of the United States. This Court has chosen to scoff at Plaintiff's efforts despite the U.S. Supreme Court clearly ruling that "an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation."[5]

**REQUESTED RELIEF**

Based on the foregoing, Plaintiff motions for reconsideration of both the denial of leave to amend as well as the Order.

---

[5] U.S. v. SCRAP, 412 U.S. 669, 690 (1973).

Dated: December 5, 2023.	Respectfully submitted,

											By: /s/ *John Anthony Castro*
											John Anthony Castro
											12 Park Place
											Mansfield, TX  76063
											(202) 594 – 4344
											J.Castro@JohnCastro.com
											**Plaintiff** *Pro Se*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I John Anthony Castro, verify under penalty of perjury, that the all of the statements of fact and law herein are true and correct.

Executed on December 5, 2023.

											/s/ John Anthony Castro
											John Anthony Castro

## CERTIFICATE OF SERVICE

On December 5, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties are registered CM/ECF users and will be served via that system.

											*/s/ John Anthony Castro*
											John Anthony Castro